UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 17-137-DLB

LANNIE S. RAY                                                                                  PLAINTIFF

vs.                       **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL, Commissioner
of Social Security Administration                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this pro se action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will **affirm** the Commissioner's decision, as it is **supported by substantial evidence**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 28, 2013, Plaintiff Lannie S. Ray filed an application for disability insurance benefits ("DIB"), alleging disability beginning on November 1, 2012. (Tr. 274-85). Specifically, Plaintiff alleged that he was limited in his ability to work due to the following: herniated disk L5-S1; right knee pain; hypertension; sacroilitis in left hip; fatigue; anxiety; mood disorder due to general medical condition; cervical spine injury with arthritis C3-C4; involuntary muscle twitching in both arms; pain and stiffness in neck; and pain and numbness in both hands. (Tr. 278).

Plaintiff's claim was denied initially and on reconsideration. (Tr. 185-88, 194-200). At Plaintiff's request, an administrative hearing was conducted on March 30, 2016, before

1

Administrative Law Judge ("ALJ") Robert B. Bowling. (Tr. 113-52). On April 22, 2016, ALJ Bowling ruled that Plaintiff was not entitled to benefits. (Tr. 88-112). This decision became the final decision of the Commissioner when the Appeals Council denied review on July 7, 2017. (Tr. 1-9).

On August 22, 2017, Plaintiff filed the instant action. (Doc. # 1). This matter has culminated in cross-motions for summary judgment, which are now ripe for the Court's review.[1] (Docs. # 12, 13 and 14).

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the Court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's

---

[1] The Court notes that Plaintiff filed an additional brief in this case, only recently requesting permission and alleging good cause to do so. (Docs. # 14, 15). This is contrary to the Court's General Order 13-7, Standing Scheduling Order for all social security actions. (Doc. # 10). The Court has reviewed Plaintiff's Reply (Doc. # 14), found that no good cause is shown, and will therefore refer to Plaintiff's Motion for Summary Judgment only. (Doc. # 12). Accordingly, Plaintiff's motion requesting that the Court consider his reply brief (Doc. # 15) is **denied.**

2

side. *Listenbee v. Sec'y of Health and Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2012. (Tr. 93). At Step Two, the ALJ determined that Plaintiff had the following severe impairments: "disorders of the back, both discogenic and degenerative; osteoarthrosis and allied disorders; disorders of the joints; and essential hypertension (20 CFR 404.1520(c))." *Id.* At Step Three, while recognizing that Plaintiff had "severe" impairments, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that "meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.152(d), 404.1525, and 414.1526)." (Tr. 96)*.*

At Step Four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) with the exertional and non-exertional limitations as follows:

> [T]he claimant can stand and walk for only six hours total in an eight-hour workday. He can sit for only six hours total in an eight-hour workday, and would require a sit or stand option on a 30-minute basis. The claimant can never climb ladders, ropes and scaffolds, and can only occasionally climb ramps and stairs. He can only occasionally stoop, kneel, crouch, and crawl. He can only occasionally reach overhead or only occasionally push or pull with the left upper or left lower extremity. He should avoid concentrated exposure to extreme cold, wetness or humidity. He should avoid all exposure to hazards, such as the use of moving machinery and work at unprotected heights.

(Tr. 97). Based upon the RFC, the ALJ concluded that Plaintiff was not able to perform his past relevant work. (Tr. 104). Accordingly, the ALJ proceeded to Step Five and found that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 104-05). The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from November 1, 2012, through the date of decision. (Tr. 105).

**C.    Substantial evidence supports the ALJ's decision.**

Plaintiff presents fourteen (14) specific errors on appeal:

(1)    The ALJ failed to consider or mention the examination of Plaintiff by Doctor Phillip Hatfield, Ph.D.;

(2)    The ALJ failed to consider or document the Veteran's Administration's ("VA") determination that Plaintiff was seventy percent disabled, following Doctor Hatfield's examination;

(3)    The ALJ failed to consider or document the numerous diagnoses that Doctor Stephen Nutter left out of his physical examination of Plaintiff;

4

(4) The ALJ failed to classify Plaintiff's cervical spine condition as severe and failed to consider the medical history of this impairment;

(5) The ALJ failed to acknowledge or document the numerous medical conditions that Doctors Marcus Whitman, M.D. and Allen Dawson, M.D. left out of their evaluation of Plaintiff;

(6) The ALJ failed to consider or document the signs, symptoms, diagnoses, and determination of Plaintiff's functional limitation following Doctor Betty Coleman's examination of Plaintiff;

(7) The ALJ made the false statement "there is little evidence of said falls";

(8) The ALJ failed to consider or document Plaintiff's medical history of falling and the injury to Plaintiff's shoulder resulting from a fall;

(9) The ALJ made the false statement "the Claimant presenting [sic] to the Hearing without using crutches or other assistive devise [sic]";

(10) The ALJ made the false statement that Plaintiff's father "wished to testify as a medical professional";

(11) The ALJ failed to consider or document the Vocational Expert's answer to the hypothetical posed to her by Plaintiff;

(12) The ALJ failed to document or consider Plaintiff's statement that "he is housebound at times for a week due to severe pain and muscle spasm";

(13) The ALJ failed to document or consider the VA's award of benefits to Plaintiff on the basis of Plaintiff's inability to leave the house for a week or more; and

(14) The ALJ failed to document or mention the VA's decision to award Plaintiff total disability following Doctor Coleman's examination. (Doc. # 12 at 1-2).

Plaintiff is representing himself in this matter. Therefore, reviewing each assignment of error through the lens of liberal construction as is required with pro se litigants,[2] the Court finds that Plaintiff's arguments amount to a challenge of the ALJ's determination at Steps Two, Four, and Five. The Court has therefore reviewed the ALJ's determination at each of these Steps. For the reasons below, the Court finds that the ALJ's decision is supported by substantial evidence.

### 1. Substantial evidence supports the ALJ's determination at Step Two and Plaintiff's Fourth Assignment of Error is Overruled.

At Step Two of the analysis, the ALJ found certain of Plaintiff's impairments to be severe. (Tr. 93-96). Plaintiff's Fourth Assignment of Error alleges that the ALJ should have found that Plaintiff's "cervical spine condition" was a severe impairment. (Doc. # 12 at 1, 5-7). Plaintiff does not point to a specific condition associated with his cervical spine. *Id*. Instead, Plaintiff suggests that moderate stenosis, moderate spasms, some edema in cervical spine space, and neck stiffness and intermittent radiating pain and quivering, without a specific diagnosis, treatment plan, or consistent symptoms should be collectively referred to as a "cervical spine condition" and that the ALJ should have found this "condition" to be severe. *Id*.

However, because the ALJ found that some of Plaintiff's other impairments were in fact severe, Plaintiff's challenge to this particular finding is inconsequential. The Sixth Circuit has reasoned that "the severity determination is 'a de minimus hurdle in the

---

[2] The Court recognizes that it has a duty to review pro se Plaintiff's filings under a more lenient standard, liberally construing his pleadings. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). However, the Court's obligation to liberally construe Plaintiff's pleadings "has limits." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing *Franklin*, 765 F.2d at 85). "[P]ro se parties must still brief the issues advanced 'with some effort at developed argumentation.'" *Snyder v. United States*, 23 F. App'x 212, 213 (6th Cir. 2001) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999))

6

disability determination process.'" *Anthony v. Astrue,* 266 F. App'x 451, 457 (6th Cir. 2008) (quoting *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir.1988)). Having determined that other impairments were severe, the ALJ's analysis of Plaintiff's claim did not stop at Step Two, and the ALJ therefore considered both Plaintiff's severe and nonsevere impairments in the subsequent steps of his analysis. This renders the ALJ's determination that Plaintiff's "cervical spine condition" was nonsevere "legally irrelevant." *Id.* Plaintiff's Fourth Assignment of Error is **overruled**.

> **2. Substantial evidence supports the ALJ's determination of Plaintiff's RFC, and Plaintiff's First, Second, Third, Fifth, Sixth, Seventh, Eighth, Twelfth, Thirteenth, and Fourteenth Assignments of Error are Overruled.**

A claimant's RFC is "the most that [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC "based on all of the relevant medical and other evidence," assessing "the nature and extent of [the claimant's] physical limitations" to determine the claimant's RFC "for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545(a)(3), (b). When a claimant has a severe impairment, but his symptoms do not meet or equal a listing in Appendix 1, the ALJ will still consider all of the medical and nonmedical evidence to determine the limiting effects of the impairment. 20 C.F.R. § 404.1545(e); s*ee also Erslinger v. Comm'r of Soc. Sec.*, 476 F. App'x 618, 621 (6th Cir. 2012) ("In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions.").

The majority of errors that Plaintiff assigns to the ALJ fall within the ALJ's determination of Plaintiff's RFC. These include allegations that the ALJ failed to properly consider certain medical evidence, including examinations, diagnoses, symptoms, and

7

medical history that Plaintiff believed was in the administrative record. (Doc. # 12 at 1-2). Plaintiff also argues that the ALJ erred by not giving consideration to the Veteran's Administration (VA) determination that Plaintiff was either 70% or totally disabled, and that Plaintiff received additional benefits because of his limitations under VA disability standards. *Id.*

In his First Assignment of Error, Plaintiff's alleges that the ALJ did not "consider or even mention" his examination and evaluation by Doctor Phillip Hatfield, a psychologist. *Id.* at 1. Here, Plaintiff attempts to impose a burden on the ALJ that is not found in law, as the Sixth Circuit has stated that "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Loral Defense Sys.-Akron v. Nat'l Labor Relations Bd.*, 200 F.3d 436, 453 (6th Cir. 1999) (quoting *Nat'l Labor Relations Bd. v. Beverly Enters.-Mass.*, 174 F.3d 13, 26 (1st Cir. 1999)).

Doctor Hatfield found that Plaintiff's understanding and memory was "mildly impaired," that his concentration and persistence were "mildly impaired," and that his social interaction could be moderately to episodically significantly impaired, depending on the level of pain he is in. (Tr. 1972). Doctor Hatfield also found that Plaintiff was not impaired in his ability to manage his activities of daily living, but was moderately impaired in maintaining a routine work schedule. *Id.* This assessment is quite similar to the assessments of Robert Hodes, Ph.D., and H. Thompson Prout, Ph.D., who opined on Plaintiff's mental impairment, and whose opinions were given great weight. (Tr. 103). These consultants also found that Plaintiff's concentration and persistence was mildly impaired, and in fact found claimant to be more impaired in his activities of daily living

8

than Doctor Hatfield's diagnosis. *Id.* The consultants and Doctor Hatfield agreed on one crucial fact: that Plaintiff's mental limitations were generally dependent on his level of pain. *Compare* Tr. 103 ("His main impairment is severe chronic pain") *with* Tr. 1972 ("In other words, if he is in more pain, he is likely to be less tolerant of stress/frustration and irritable [sic]."). Not only is there no indication that the ALJ deliberately did not consider Doctor Hatfield's examination and assessment, the Doctor's assessment is nearly identical to that of the state agency consultants', whose opinions the ALJ gave great weight. Plaintiff's First Assignment of Error is **overruled**.

Advancing a similar argument for his Third and Fifth Assignments of Error, Plaintiff alleges that the ALJ failed to consider, acknowledge, or document the numerous diagnoses that Doctor Stephen Nutter left out of his exam, and the "numerous diagnosed medical conditions" that the state agency consultants Doctors Marcus Whitman and Allen Dawson left out of their evaluations. (Doc. # 12 at 1-2). In effect, Plaintiff alleges that the ALJ erred in not discussing what these physicians did not discuss. Inasmuch as Plaintiff argues that the ALJ did not address certain pieces of evidence—even though those pieces of evidence are, according to Plaintiff, a lack of evidence—the Court again stresses that the ALJ is not required to address every page or piece of evidence in the administrative record. *Loral Defense Sys.-Akron v,* 200 F.3d at 453. Therefore, Plaintiff's Third and Fifth Assignments of Error are also **overruled**.

In his Second, Thirteenth, and Fourteenth Assignments of Error, Plaintiff argues that the ALJ erred in not considering the medical evidence, diagnoses, or disability ratings given to Plaintiff by the VA or VA physicians. (Doc. # 12 at 1-2). Although the ALJ considered the documentary evidence supporting the VA's determination of Plaintiff's

9

disability as evidence relevant to his determination of Plaintiff's RFC, because the VA "relies on independent and distinct criteria to assess disability … its determination [does not control whether Plaintiff is] eligible for Social Security disability benefits." *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 518-19 (6th Cir. 2013). The ALJ considered the records and Plaintiff's VA disability in his determination. (Tr. 94, 95, 98, 99, 102). Having done so, the ALJ then issued an independent determination of Plaintiff's disability based upon the proper Social Security criteria. Substantial evidence shows that the ALJ reviewed and took into account Plaintiff's VA records and disability assignment; this does not, however, require the ALJ to issue the same or a similar disability decision. *See, e.g. Lowe v. Berryhill*, No. 6:16-cv-650-JMH, 2017 WL 4355632, at *3 (E.D. Ky. Sept. 29, 2017) (affirming ALJ determination that the claimant was not disabled under SSA criteria despite having a 100% disability rating from the VA). Accordingly, Plaintiff's Second, Thirteenth, and Fourteenth Assignments of Error are **overruled**.

In Plaintiff's Sixth Assignment of Error, he alleges that the ALJ failed to consider the symptoms, functional limitations, and diagnoses of Doctor Betty Coleman's examination. (Doc. # 12 at 1). The record belies this argument. The ALJ noted Doctor Coleman's record of Plaintiff's right leg and knee pain, Doctor Coleman's indication that Plaintiff's main functional limitations are related to his back condition, and that Plaintiff uses short-arm crutches to help him avoid falls and reduce back and left hip pain. (Tr. 102-03). The ALJ was not, however, required to abide by Doctor Coleman's assessment of Plaintiff's disability. As stated above, the VA's determination of Plaintiff's disability does not control whether Plaintiff is eligible for Social Security disability benefits. *Deloge*, 540 F. App'x at 518-19. Substantial evidence shows that the ALJ adequately considered

Doctor Coleman's assessment and the medical evidence in support thereof. Plaintiff's Sixth Assignment of Error is **overruled**.

Plaintiff presents two related arguments in his Seventh and Eighth Assignments of Error, suggesting that the ALJ erred by falsely stating that there was little evidence of Plaintiff's falls, and that the ALJ erred by failing to consider the medical history of Plaintiff's falls. (Doc. # 12 at 1-2). These arguments are also unsupported by the record. Recognizing that Plaintiff had fallen and injured his shoulder, and that he had twice had seizure episodes—which ceased once Plaintiff discontinued the use of one of his hypertension medications—the ALJ stated that there was little evidence of falls related to Plaintiff's alleged back spasms. (Tr. 101). Plaintiff's citations to the record generally support the ALJ's finding. (Doc. # 12 at 12-13). Although Plaintiff cites to two additional pages in the transcript in support of his argument, only one connects a "history of falls" to his back pain (Tr. 1914), while the other gives the reason for the fall as "lost his balance." (Tr. 1920). Plaintiff's father's testimony is consistent with this history—of the three falls that he witnessed, one was associated with back pain, and the other two with seizures. (Tr. 137-39). Substantial evidence supports the ALJ's finding that there was little evidence of falls related to his back pain. Therefore, the ALJ did not make a false statement and Plaintiff's Seventh Assignment of Error is **overruled**.

Similarly, Plaintiff's Eighth Assignment of Error—that the ALJ erred by failing to consider or document Plaintiff's history of falling and Plaintiff's shoulder injury resulting from a fall, which required rotator cuff surgery—is unsupported. In addition to the review mentioned above, the ALJ noted that Plaintiff had complained of pain and tenderness in his left shoulder in January 2014 (Tr. 99), and the next month was referred for an MRI of

11

this shoulder due to pain and crepitus. (Tr. 100) (citing Exs. 15, 22, and 26). The ALJ noted a March 2014 MRI showed a tear in the supraspinatus tendon, and possible tears and injuries to other parts of his shoulder. *Id.* (citing Ex. 22). The ALJ additionally noted that Plaintiff underwent left-shoulder rotator-cuff surgery in June 2014. *Id.* (citing Ex. 23). Substantial evidence shows that the ALJ did in fact consider Plaintiff's short medical history of falling, the reasons he fell, and the subsequent remedial surgery on Plaintiff's shoulder. Accordingly, Plaintiff's Eighth Assignment of Error is also **overruled**.

Plaintiff's Twelfth Assignment of Error alleges that the ALJ failed to document or consider Plaintiff's testimony that he is "housebound" for weeks at a time "due to severe pain [and] muscle spasms." (Doc. # 12 at 2). Factually, this is incorrect. *See* Tr. 98 ("[Plaintiff] gets $200 extra per month in VA pension because he cannot leave the house at times, caused by severe back pain and inability to get out of bed."). The ALJ considered Plaintiff's testimony on this issue, but determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 100). It is "for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). This deference to the ALJ's determination of Plaintiff's symptoms, in conjunction with the different standards used in determining disability for the VA, lead this Court **overrule** Plaintiff's Twelfth Assignment of Error.

> 3. ***Substantial evidence supports the ALJ's determination that jobs exist in significant numbers in the national economy that Plaintiff can perform, and Plaintiff's Eleventh Assignment of Error is Overruled.***

At the hearing, the ALJ asked the VE to assume a hypothetical individual with the

same age, education, and work experience as the Plaintiff, and to assume that person had the RFC that the ALJ assigned to Plaintiff. (Tr. 147-48). It was the VE's testimony that although that individual would be unable to do any of Plaintiff's past work, there would be other jobs in the national economy that such a person could perform. (Tr. 148). Plaintiff was then permitted to pose a hypothetical to the VE, asking if there would be jobs in the national economy that such an individual could perform if the individual "had to have routine breaks to lay down with back spasms during a routine workday." *Id*. The VE responded negatively. *Id*. Plaintiff now assigns as his Eleventh Assignment of Error the ALJ's decision to refer to the first hypothetical to determine whether Plaintiff was disabled, and not to Plaintiff's hypothetical. (Doc. # 12 at 2).

It is well settled that the ALJ is not "required to rely on a VE's response based on limitations that [he] rejected." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013) (citing *Maziarz v. Sec'y of Health & Human Servs.,* 837 F.2d 240, 247 (6th Cir.1987)). The ALJ considered Plaintiff's statements about needing to lay down and rejected them in determining Plaintiff's RFC. (Tr. 97-103). The ALJ was therefore free to pose a hypothetical to the VA based on the ALJ's RFC determination, and it was not error to set aside the VE's answer to a hypothetical that assumed facts the ALJ rejected. Plaintiff's Eleventh Assignment of Error is **overruled**.

> **4.    Substantial evidence supports the ALJ's the statements and Plaintiff's Ninth and Tenth Assignments of Error are Overruled.**

Finally, in his Ninth and Tenth Assignments of Error, Plaintiff alleges that the ALJ erred by making two additional false statements: that Plaintiff attended the hearing in front of the ALJ without crutches, and that Plaintiff's father "wished to testify as a medical

13

professional." (Doc. # 12 at 1-2). Although these are less assignments of error, and more accusations, the Court will still look to see whether substantial evidence supports the ALJ's statements.

The first contested statement is whether Claimant presented to the hearing with the use of a crutch or other assistive device. This is, in effect, a weighing of the ALJ's statement versus the Plaintiff's allegations. First, "until proven otherwise, [the Court] must start with the assumption that government employees tasked with performing an adjudicatory or quasi-adjudicatory function will do so fairly and impartially." *Rosen v. Goetz*, 410 F.3d 919, 930 (6th Cir. 2005). Second, even if Plaintiff were correct that the ALJ erred in failing to see Plaintiff's assistive device at the hearing, the ALJ did not base his credibility determination solely on whether Plaintiff presented to the hearing without an assistive device, and so any error would be harmless. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (holding that "harmless error analysis applies to credibility determinations in the social security disability context" and that a single factual misreading of the record, when additional substantial evidence supported the ALJ's determination, was harmless error.). Therefore, Plaintiff's Ninth Assignment of Error is **overruled**.

Next, contrary to Plaintiff's allegation, a review of the record shows the ALJ's statement that Plaintiff's father "wished to testify as a medical professional" to be patently true. (Tr. 101). Plaintiff's father attempted to substitute his judgment for Doctor Nutter (Tr. 134), and to read and explain MRIs to the ALJ. (Tr. 135, 142-144); (Testimony of Plaintiff's father: "I've got a lot of medical records that I've reviewed. I've reviewed his entire medical history"). The ALJ repeatedly indicated that Plaintiff's father was not a

medical doctor and could not provide medical-opinion testimony, but could testify about what he had personally seen. (Tr. 134-35). Substantial evidence supports the ALJ's statement that Plaintiff's father wished to testify as a medical professional, and Plaintiff's Tenth Assignment of Error is **overruled**.

"Substantial evidence review comes to this: Did the ALJ use 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion'?" *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 904 (6th Cir. 2016) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). The ALJ's comprehensive analysis of the issues raised by Plaintiff "satisfies this modest standard." *Id.*

In the end, Plaintiff is asking this Court to find that the ALJ was reviewing an entirely different set of evidence, and that the Court should prefer the set Plaintiff has suggested. However, as stated earlier, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d at 781-82. Substantial evidence exists to support the ALJ's decision, and the Court's review must stop there.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 12) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**;

(4) Plaintiff's Motion requesting that the Court consider his reply brief (Doc. # 15) is hereby **DENIED**; and

(5) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 24th day of April, 2018.



Signed By:
<u>David L. Bunning</u> DB
United States District Judge

K:\DATA\SocialSecurity\MOOs\Pikeville\17-137 Ray MOO.docx